**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2345**

———————

WAQAR HAMEED CHAUDHRY,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A74-672-495)

———————

Submitted: August 22, 2005          Decided: September 8, 2005

———————

Before NIEMEYER, LUTTIG, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Robert A. Remes, CARLINER & REMES, P.C., Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Luis E. Perez, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Waqar Hameed Chaudhry, a native and citizen of Pakistan, petitions for review of a decision of the Board of Immigration Appeals ("Board"), affirming without opinion a decision by the immigration judge denying Chaudhry's application for asylum, withholding of removal, and protection under the Convention Against Torture. We will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quotation marks and citations omitted).

Chaudhry claims that the immigration judge's consideration of a signed statement from a police officer, who was not present to be cross-examined, violated his due process rights.[1] We review "legal issues, including claims of due process violations, de novo." Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 278 (4th Cir. 2004). In an immigration context, admissibility of evidence is governed by "whether the evidence is probative and whether its use is fundamentally fair. . . ." Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003) (quotations and citations omitted). Fairness is determined by whether the evidence is trustworthy and reliable. Id. Having reviewed the evidence in question, we conclude that the evidence at issue here was clearly

_____

[1]Administrative agencies are not bound by the Federal Rules of Evidence, but are governed by a general due process standard. Hassan v. Gonzales, 403 F.3d 429, 435 (6th Cir. 2005).

- 2 -

probative, and its use was not fundamentally unfair. Therefore, its admission did not constitute a denial of due process. We reject Chaudhry's challenges[2] to the immigration judge's denial of asylum, finding that the decision is supported by substantial evidence on the record considered as a whole. See <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[2]Chaudhry failed to develop the "pattern or practice" issue, or the allegation that the immigration judge erred in finding his asylum claim to be frivolous, in his appeal to the Board. Nor did Chaudhry challenge the immigration judge's denial of withholding of removal and protection under the Convention Against Torture. Therefore, he has waived his right to raise these claims on appeal. <u>Farrokhi v. INS</u>, 900 F.2d 697, 700 (4th Cir. 1990).